**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **STEPHANIE COLÓN FELICIANO, individually and as legal guardian of JUAN RUBIO COLÓN; and JUAN RUBIO COLÓN, by and through his legal guardian**<br>Plaintiff<br>**v.**<br>**INMOBILIARIA CARDENAL INC.**<br>Defendant | **Civil No.** |

# COMPLAINT

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12181–12189, and 28 C.F.R. Part 36, seeking declaratory and injunctive relief to remedy Defendant's ongoing discrimination against persons with disabilities at its lodging establishment known as Motel Nuevo Mejico, located at Km 1.4, PR-501, Bo. Marrueño, Ponce, Puerto Rico 00728.

2. Plaintiff Juan Rubio Colón is a twenty-year-old man with spastic quadriplegia and intellectual disability who is entirely dependent on his mother and legal guardian, Plaintiff Stephanie Colón Feliciano, for all activities of daily living. He uses a manual wheelchair as his primary mobility device and requires a fully accessible environment for safe and dignified use of any lodging facility.

3. Plaintiff Stephanie Colón Feliciano brings this action in her individual capacity as a person who suffered discrimination on the basis of her association with a person with a disability,

in violation of 42 U.S.C. § 12182(b)(1)(E), and in her representative capacity as the court-appointed legal guardian of Juan Rubio Colón.

4. Defendant owns and/or operates Motel Nuevo Mejico, a lodging establishment that publicly advertises its "Family Suite Balcony" room as ADA-compliant and wheelchair-accessible. Plaintiff Stephanie Colón Feliciano reasonably relied on that representation when she reserved that specific room through Chase Travel for the period of February 25 through March 4, 2026, at a total cost of $840.00, for herself and her son Juan.

5. On February 25, 2026, upon arriving at Motel Nuevo Mejico, Plaintiffs were confronted with architectural barriers — including steps without any accessible alternative — that rendered the room initially assigned entirely inaccessible to a wheelchair user. When Plaintiff Stephanie Colón Feliciano requested the accessible room she had reserved, motel management acknowledged its existence but refused to provide it unless she paid an additional $210.00 above the amount already paid — a surcharge imposed solely because of the accessibility features required by her son's disability.

6. Defendant's conduct — assigning a wheelchair user to an inaccessible room with steps, then demanding a surcharge to provide the accessible accommodation already reserved — constitutes discrimination on the basis of disability in violation of Title III of the ADA. Federal regulations expressly prohibit charging persons with disabilities a higher rate to access accessible accommodations, and prohibit treating accessible rooms as a premium-priced category when a person with a disability has reserved and is entitled to such a room.

7. Defendant's affirmative public representation that the Family Suite Balcony is ADA-compliant, combined with the architectural barriers that rendered the room and

facility inaccessible in fact, independently constitutes a violation of 28 C.F.R. § 36.302(e) and aggravates the discrimination suffered by Plaintiffs.

8. Plaintiffs bring this action to obtain a declaration that Defendant's conduct violates the ADA, a permanent injunction requiring Defendant to bring its facility and reservation policies into compliance with the law, and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## II. PARTIES

***Plaintiff***

9. Plaintiff Stephanie Colón Feliciano is a natural person who resides at 15 Frances Court, Meredith, New Hampshire 03253. She brings this action (a) in her individual capacity as a person subjected to discrimination by association with her son, Juan Rubio Colón, a person with a disability, pursuant to 42 U.S.C. § 12182(b)(1)(E); and (b) in her representative capacity as the court-appointed legal guardian of Juan Rubio Colón, an adult with intellectual disability.

10. Plaintiff Juan Rubio Colón is a natural person born on March 17, 2005, residing at 15 Frances Court, Meredith, New Hampshire 03253. Juan is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102. He has been diagnosed with spastic quadriplegia and intellectual disability — conditions that substantially limit, and in many cases eliminate entirely, his ability to perform major life activities, including walking, standing, using his hands, communicating, and caring for himself. Juan has undergone surgical interventions to his spine, hips, and legs, including the implantation of a spinal rod extending the full length of his vertebral column. He receives ongoing treatment at Boston Children's Hospital, including occupational therapy, physical therapy, speech therapy, and special education. He uses a manual wheelchair as his primary mobility device. Because of

his intellectual disability, Juan lacks legal capacity to bring this action independently and does so by and through his legal guardian, Stephanie Colón Feliciano.

11. Stephanie Colón Feliciano is the court-appointed legal guardian of Juan Rubio Colón and is fully authorized to bring this action on his behalf. As a person who was herself subjected to discriminatory treatment as a direct consequence of her association with a person with a disability, she independently possesses standing under Title III of the ADA.

***Defendant***

12. Defendant Inmobiliaria Cardenal Inc. is a domestic corporation organized under the laws of Puerto Rico. Inmobiliaria Cardenal Inc. is the owner and operator of the real property and lodging establishment known as Motel Nuevo Mejico, located at Km 1.4, PR-501, Bo. Marrueño, Ponce, Puerto Rico 00728. As the owner and operator of a place of public accommodation, Inmobiliaria Cardenal Inc. is a covered entity subject to Title III of the ADA.

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Ponce, Puerto Rico, within the District of Puerto Rico, and Defendant conducts business within this District.

## IV. FACTUAL ALLEGATIONS

### *A. The reservation and Defendant's representations regarding accessible accommodations*

15. Motel Nuevo Mejico is a lodging establishment located at Km 1.4, PR-501, Bo. Marrueño, Ponce, Puerto Rico 00728. The establishment operates and markets itself as a hotel, offering among its lodging categories a room designated as the "Family Suite Balcony." On

its website, hotelnuevomejicopr.com, Defendant publicly advertises the Family Suite Balcony as a wheelchair-accessible room with ADA-compliant bathroom and room access. This representation is affirmative, specific, and directed at the segment of the traveling public that requires accessible accommodations.[1]

16. The Family Suite Balcony is the only room category at Motel Nuevo Mejico that Defendant publicly promotes as accessible. It is also the most expensive room category offered at the establishment. This configuration — in which the sole accessible room is simultaneously the most expensive option — is directly relevant to the discriminatory conduct described herein.

17. Plaintiff Stephanie Colón Feliciano is a native of the Marrueño neighborhood in Ponce, Puerto Rico — the same barrio in which Motel Nuevo Mejico is located. Her extended family resides in Barrio Marrueño. In February 2026, Plaintiffs traveled to Puerto Rico for a period of two weeks to attend to personal matters, including proceedings related to a land deed, and to spend time with family. Given Juan's condition — spastic quadriplegia requiring full-time assistance, dependence on a manual wheelchair, and the physical demands that extended travel and displacement impose on both him and his caregiver — minimizing unnecessary transit was an essential logistical and medical consideration in planning the trip.

18. For the first week of the trip, from approximately February 18 through February 25, 2026, Plaintiffs lodged at the Holiday Inn Ponce & Tropical Casino, located at 3315 Ponce Bypass, Ponce — a facility on the other side of the city, distant from the family's residence

[1] The Family Suite Balcony is advertised on Defendant's website as a private balcony room with two queen beds, a living area with sofa, two large-screen televisions, and the following amenities: WiFi, air conditioning, microwave, mini-refrigerator, and coffee maker available upon request. The room is expressly described as having ADA-compliant bathroom facilities and room access.
See https://hotelnuevomejicopr.com/galeria-de-las-habitaciones/

in Barrio Marrueño. For the second week, Plaintiff Stephanie Colón Feliciano specifically selected Motel Nuevo Mejico because of its proximity to her family in Barrio Marrueño, which would eliminate the burden of long daily transits for Juan and allow the family to gather more easily during the visit. The selection was made with the reasonable expectation — based on Defendant's own public representations — that the establishment offered a fully accessible room for a wheelchair user.

19. On December 23, 2025, Plaintiff Stephanie Colón Feliciano made a reservation through Chase TravelSecure for the Family Suite Balcony at Motel Nuevo Mejico for the period of February 25 through March 4, 2026 — a stay of seven nights — at a total cost of $840.00. The reservation confirmed the accessibility specifications advertised by Defendant for that room category, including wheelchair accessibility and ADA-compliant bathroom and room access. The reservation was made and paid in reasonable reliance on those representations.

### *B. The Incident of February 25, 2026*

20. On February 25, 2026, Plaintiffs arrived at Motel Nuevo Mejico to begin their second week of lodging. Upon arrival, a hotel employee transported Plaintiffs to their assigned room via golf cart. When the employee indicated that they had arrived at the assigned room, Plaintiff Stephanie Colón Feliciano observed that the entrance to the room required navigating steps with no ramp, no accessible alternative, and no means by which a person using a manual wheelchair could enter. She had not yet exited her vehicle. She immediately signaled the employee to stop and informed her that the assigned room was not the room she had reserved — that her son used a wheelchair and required an accessible room, and that she had specifically reserved one.

21. The employee stated she would contact someone else and subsequently summoned another individual. This individual, who appeared to be approximately fifty years old, never

identified himself as a manager at any point during the nearly three hours that followed. Throughout the encounter, he represented that he lacked authority to make decisions in the absence of the owner and that he would need to await instructions.

22. This individual showed Plaintiffs a second room — the Family Suite Balcony — which matched in full the specifications of the reservation Plaintiff Stephanie Colón Feliciano had made through Chase Travel: it was barrier-free, spacious, and accessible for wheelchair use. When Plaintiff identified this as the room she had reserved, the individual informed her that this room was more expensive than the one originally assigned, and that if she wished to stay in it, she would be required to pay an additional $210.00 — $30.00 per night for the seven-night stay — above the $840.00 she had already paid.

23. Plaintiff Stephanie Colón Feliciano contested this demand. She explained clearly that she was not requesting an upgrade or a preference — she was requesting the accessible room she had reserved, the only room in which her son could physically function, and that the room initially assigned presented architectural barriers that made it objectively inaccessible to a wheelchair user. The hotel's position did not change: pay the additional $210.00 or accept the inaccessible room.

24. During this period, Plaintiff Stephanie Colón Feliciano contacted Chase Travel directly by telephone while still on the premises. Chase Travel communicated with the hotel and confirmed to her that accessibility is a non-negotiable feature of a reservation — that the hotel was obligated to provide the room reserved. Notwithstanding this intervention, the hotel's position remained unchanged: the additional charge of $210.00 would be required to access the accessible room.

25. After nearly three hours on the premises without resolution, and after the individual ultimately revealed that he was in fact the manager — only after Plaintiff asked for someone with authority to resolve the situation — the matter was escalated to another person, believed to be the owner of the establishment. That person, speaking by telephone, informed Plaintiff that the $210.00 surcharge was the hotel's final position and that, if she refused to pay, her reservation would be cancelled. Shortly thereafter, the reservation was cancelled.

26. Plaintiff Stephanie Colón Feliciano and her son Juan departed Motel Nuevo Mejico without lodging. It was the evening of February 25, 2026. They were in an unfamiliar city relative to available accessible lodging options, without prior planning, and transporting a young man with spastic quadriplegia in a manual wheelchair. Plaintiff had recently undergone a surgical procedure and was physically exhausted. The urgency of securing accessible lodging for Juan that same night, in a city where available accessible accommodations were unknown to them, caused Plaintiff Stephanie Colón Feliciano significant distress, physical exhaustion, and emotional harm.

27. The only accessible lodging Plaintiffs were able to locate on short notice was the Holiday Inn Ponce & Tropical Casino — the same establishment where they had stayed during the first week of their trip, located at 3315 Ponce Bypass on the other side of Ponce, far from the family in Barrio Marrueño. Plaintiffs were forced to return to that hotel under emergency conditions and at substantially higher nightly rates than those of the original reservation, incurring unplanned lodging expenses totaling $731.75 over five nights, as follows: $285.30 for the first night, $216.13 for the second, $138.00 for the third, $38.13 for the fourth, and $54.19 for the fifth night. The reduced amounts reflected in the final

two nights are attributable to Plaintiff Stephanie Colón Feliciano's partial redemption of lodging benefits — a mitigation of out-of-pocket cost that does not reduce the scope of the economic harm caused by Defendant's discriminatory conduct, as those benefits were consumed as a direct consequence of being forced to secure emergency alternative accommodations.

28. As a direct result of Defendant's discriminatory conduct, Plaintiffs were denied the proximity to family in Barrio Marrueño that had been a central purpose of selecting Motel Nuevo Mejico, were forced to resume lodging on the far side of the city, and were deprived of the planned family time that Juan's condition made logistically dependent on minimizing travel distances.

29. As a direct result of Defendant's false representation of ADA compliance, Plaintiff Stephanie Colón Feliciano was induced to reserve and pay for a room that, upon arrival, proved physically unusable by her son. The experience of arriving at a lodging facility after a week of travel — with a young man with spastic quadriplegia in a manual wheelchair, following a surgical procedure, in the evening — only to be confronted with steps, an inaccessible assignment, a nearly three-hour standoff, and an ultimatum to either pay more or leave, caused Plaintiff Stephanie Colón Feliciano immediate and significant emotional distress, profound anxiety, and a heightened sense of vulnerability at finding herself and her son without accessible shelter in an unfamiliar lodging environment. Juan Rubio Colón, who is entirely dependent on his mother for all activities of daily living and who was present throughout the incident, was directly affected by the denial of access to the accommodations that had been reserved for him.

### *C. Architectural Barriers at Motel Nuevo Mejico and Their Direct Impact on Plaintiff's Disability*

30. Motel Nuevo Mejico constitutes a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(A) as an inn, hotel, or motel. As such, Defendant is obligated to comply with the accessibility requirements of Title III of the ADA and the 2010 ADA Standards for Accessible Design.

31. Based on Plaintiffs' direct observation during their visit on February 25, 2026, the following architectural barriers were present at Motel Nuevo Mejico:

31.1. Steps at room entrance without accessible alternative. The room initially assigned to Plaintiffs upon check-in required navigating steps at the entrance, with no ramp, no accessible route, and no alternative means of entry for a person using a wheelchair. Juan Rubio Colón has spastic quadriplegia — a condition that results in the complete absence of functional motor control in all four extremities, total dependence on a manual wheelchair for mobility, and an absolute inability to navigate steps, elevation changes, or any surface that is not level and unobstructed. Juan cannot stand, bear weight, or transfer independently. Any entrance requiring steps is not merely inconvenient for Juan — it is a complete and absolute physical barrier that renders the space entirely unreachable without risk of serious injury. The room initially assigned by Defendant was, from the moment of arrival, physically unusable by Juan Rubio Colón in any manner. This barrier is fundamentally incompatible with the accessible route requirements applicable to lodging facilities under the 2010 ADA Standards for Accessible Design.

31.2. Absence of accessible parking. Motel Nuevo Mejico does not provide any designated accessible parking spaces for persons with disabilities. The

establishment provides only standard parking spaces adjacent to each room unit, without the required access aisles, compliant dimensions, or signage mandated by the 2010 ADA Standards. For Juan Rubio Colón, the absence of accessible parking is not a matter of convenience — it is a barrier that directly impedes safe arrival at and departure from the facility. Because Juan uses a manual wheelchair and is entirely dependent on his caregiver for all transfers and mobility, the process of removing him from a vehicle, positioning his wheelchair, and safely transferring him requires a level surface, a designated access aisle of sufficient width to open the vehicle door fully and maneuver the wheelchair alongside it, and adequate space for Plaintiff Stephanie Colón Feliciano to perform the transfer without obstruction. Standard parking spaces, which provide none of these features, make the transfer process unsafe and, in practice, deny Juan Rubio Colón equal access to the facility from the point of arrival.

32. The barriers identified herein are not merely technical deficiencies. For a person with spastic quadriplegia who uses a manual wheelchair and is entirely dependent on his caregiver for mobility and transfers, the absence of an accessible entrance route and accessible parking transforms a lodging facility that has been publicly advertised as ADA-compliant into one that is, in practice, physically unusable.

***D. Plaintiffs have standing to bring this action***

33. Title III of the Americans with Disabilities Act establishes that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

34. Plaintiffs' standing in this action is grounded in the concrete, particularized injuries they suffered on February 25, 2026, as a direct result of Defendant's discriminatory conduct and architectural barriers at Motel Nuevo Mejico, and in the ongoing deterrence they face from returning to the establishment so long as those barriers and discriminatory policies remain uncorrected. Congress expressly recognized in 42 U.S.C. § 12188(a)(1) that a person with a disability should not be required to repeatedly subject herself to discriminatory conditions once she has actual notice that an establishment fails to comply with the accessibility requirements of the law.

35. Standing under Title III of the ADA does not require that a person with a disability physically expose herself to known barriers to demonstrate a constitutional injury. This doctrine, known as "deterrence-based standing," recognizes that the frustration of being unable to access public places on an equal basis, combined with a genuine intention to continue using the facility once the barriers are removed, constitutes an actual and imminent harm that satisfies Article III requirements. As the First Circuit held in Disabled Americans for Equal Access, Inc. v. Ferries del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005), a disabled individual who is currently deterred from patronizing a public accommodation due to the defendant's failure to comply with the ADA, and who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA, suffers actual or imminent harm sufficient to confer standing.

36. Plaintiffs are not uninjured parties seeking abstract compliance with the law. To the contrary, they have experienced the following concrete and particularized injuries

36.1. On February 25, 2026, Plaintiffs arrived at Motel Nuevo Mejico with a confirmed reservation for the only accessible room at the establishment — a reservation made in reasonable reliance on Defendant's affirmative public representation of ADA compliance — and were assigned an inaccessible room with steps at the entrance, rendering it physically unusable by Juan Rubio Colón, a full-time manual wheelchair user with spastic quadriplegia

36.2. When Plaintiff Stephanie Colón Feliciano requested the accessible room she had reserved, Defendant refused to provide it unless she paid an additional $210.00 surcharge imposed solely because of the accessibility features required by her son's disability — a discriminatory surcharge that constitutes a direct and particularized injury to both Plaintiffs

36.3. As a direct result of Defendant's discriminatory conduct, Plaintiffs were forced to depart Motel Nuevo Mejico without lodging on the evening of February 25, 2026, and to secure emergency alternative accommodations at the Holiday Inn Ponce & Tropical Casino, incurring unplanned lodging expenses of $731.75 in addition to the $840.00 already paid for the cancelled reservation.

36.4. Plaintiff Stephanie Colón Feliciano suffered concrete emotional distress, physical exhaustion, and significant economic harm as a direct and proximate result of Defendant's conduct. Juan Rubio Colón, who was present throughout the incident and is entirely dependent on his mother for all activities of daily living, was directly affected by the denial of access to the accommodations reserved for him.

36.5. The architectural barriers documented herein — steps at room entrances without accessible alternatives and the complete absence of accessible parking —

continue to exist at Motel Nuevo Mejico and continue to deter Plaintiffs from returning to the establishment

36.6. Defendant's false representation of ADA compliance on its website constitutes an independent and continuing injury, as Plaintiffs cannot rely on Defendant's accessibility representations in planning future travel and lodging.

37. Plaintiffs satisfy the "injury in fact" requirement established in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992), because they have suffered: (a) an invasion of a legally protected interest — their right under the ADA to equal access to places of public accommodation — which is being systematically violated by the architectural barriers, discriminatory surcharge policy, and false accessibility representations at Motel Nuevo Mejico; (b) a concrete and particularized injury, as the barriers and discriminatory policies affected Plaintiffs in a personal and individual way on February 25, 2026, and continue to affect them through ongoing deterrence; and (c) an actual and non-conjectural injury, as the documented denial of accessible lodging, the economic harm, the emotional distress, and the continuing deterrent effect of the uncorrected barriers and policies constitute harm occurring in the present and continuing so long as the violations persist.

38. As the court held in Betancourt v. Ingram Park Mall, L.P., 735 F. Supp. 2d 587 (W.D. Tex. 2010), the risk of injury is not speculative so long as the discriminatory barriers remain in place, the person remains disabled, and she is "able and willing" to visit the facility once it is brought into compliance. Plaintiff Stephanie Colón Feliciano is a native of Barrio Marrueño — the same neighborhood in which Motel Nuevo Mejico is located — and travels periodically to Puerto Rico to visit her extended family who reside in that area. Plaintiffs are able and willing to return to Motel Nuevo Mejico once the architectural

barriers are removed, the discriminatory surcharge policy is eliminated, and the establishment is brought into full ADA compliance. Until that time, the knowledge that the facility contains the same architectural barriers that rendered it physically unusable for Juan on February 25, 2026, combined with Defendant's demonstrated policy of demanding surcharges for accessible accommodations and its false representations of ADA compliance, deters Plaintiffs from returning — a deterrence directly attributable to Defendant's ongoing violations of the ADA and constituting a continuing injury.

39. There is a direct causal connection between the barriers and discriminatory policies maintained by Defendant and the harm Plaintiffs have suffered. Defendant owns and operates Motel Nuevo Mejico and the violations documented herein exist as a direct result of Defendant's failure to maintain an accessible facility, to honor accessible room reservations without surcharge, and to accurately represent the accessibility of its accommodations. The requested judicial remedies — declaratory relief, a permanent injunction ordering the removal of barriers and correction of discriminatory policies, and an award of attorneys' fees — would fully redress Plaintiffs' injuries.

40. The deterrence-based standing doctrine recognizes that forcing persons with disabilities to expose themselves to known barriers in order to establish standing would frustrate the fundamental objectives of the ADA: eliminating discrimination and integrating persons with disabilities into economic and social life. Plaintiffs should not be required to risk Juan's safety and dignity — nor to subject themselves again to the discriminatory conditions documented herein — to vindicate rights that federal law guarantees them.

41. Accordingly, Plaintiffs possess full standing to seek the remedies available under Title III of the ADA in this action.

## V. CAUSES OF ACTION

### COUNT I
### Violation of Title III of the ADA — Discrimination in the Full and Equal Enjoyment of a Place of Public Accommodation (42 U.S.C. § 12182(a))

42. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

43. Motel Nuevo Mejico is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(A) as an inn, hotel, or motel.

44. Defendant owns and/or operates the place of public accommodation and is responsible for the design, construction, maintenance, operation, and accessibility of the facility, including its guest rooms, parking areas, and room reservation and assignment policies.

45. Under 42 U.S.C. § 12182(a), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.

46. Under 42 U.S.C. § 12182(b)(2)(A)(iv), discrimination includes a failure to remove architectural barriers in existing facilities where such removal is readily achievable. Where removal is not readily achievable, the entity must make its goods and services available through alternative methods if such methods are readily achievable, pursuant to 42 U.S.C. § 12182(b)(2)(A)(v).

47. Defendant has failed to remove the following architectural barriers at Motel Nuevo Mejico, or to provide readily achievable alternatives:

47.1. Steps at the entrance to guest room units without any ramp, accessible route, or alternative means of entry for wheelchair users, in violation of 2010 ADA Standards for Accessible Design, Sections 402 and 404;

47.2. Complete absence of designated accessible parking spaces with compliant access aisles, dimensions, surface conditions, and signage, in violation of 2010 ADA Standards for Accessible Design, Section 502.

48. The removal of each of these barriers is readily achievable. Installing a ramp or accessible route at a room entrance and designating accessible parking spaces with compliant access aisles and signage are low-cost modifications well within the financial and technical capacity of a for-profit lodging establishment operating fifty-two guest rooms.

49. Alternatively, to the extent any barrier removal is not readily achievable, Defendant has failed to provide alternative methods to make its goods, services, and accommodations available to persons with disabilities.

50. Defendant's failure to remove these barriers denied Juan Rubio Colón — a person with spastic quadriplegia who uses a manual wheelchair — full and equal access to the accommodations and facilities of Motel Nuevo Mejico on February 25, 2026, and continues to deny him such access.

**COUNT II**
**Violation of Title III of the ADA — Discriminatory Surcharge (42 U.S.C. § 12182(b)(1)(D))**

51. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

52. Under 42 U.S.C. § 12182(b)(1)(D), it is discriminatory to impose a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures — including the provision of accessible facilities — required to ensure nondiscriminatory treatment.

53. On February 25, 2026, Defendant imposed a surcharge of $210.00 on Plaintiffs as the condition for accessing the only accessible room at the establishment — the Family Suite

Balcony — the same room Plaintiff Stephanie Colón Feliciano had reserved through Chase TravelSecure on December 23, 2025, and for which she had already paid $840.00. This surcharge was imposed exclusively because of Juan Rubio Colón's disability and his consequent need for accessible accommodations.

54. No such surcharge was imposed on guests without disabilities assigned to non-accessible rooms at the standard advertised rate. The accessible room was treated as a premium-priced category solely because of its accessibility features — the very features required by law to be provided without additional charge to guests with disabilities.

55. This conduct constitutes a discriminatory surcharge in direct violation of 42 U.S.C. § 12182(b)(1)(D).

**COUNT III**
**Violation of Title III of the ADA — Failure to Make Reasonable Modifications in Policies, Practices, and Procedures (42 U.S.C. § 12182(b)(2)(A)(ii))**

56. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

57. Under 42 U.S.C. § 12182(b)(2)(A)(ii), discrimination includes the failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.

58. Defendant has failed to implement the following reasonable modifications in its policies, practices, and procedures:

58.1. Failure to honor accessible room reservations without surcharge: Defendant's reservation and room assignment policy treats the only accessible room at the

establishment as a premium-priced category subject to a surcharge of $30.00 per night above the standard reserved rate. This policy directly discriminates against guests with disabilities who require accessible accommodations and who have reserved and paid for those accommodations in advance. Defendant must modify this policy to ensure that guests who reserve accessible rooms are assigned those rooms at the reserved rate, without additional charge.

58.2. Failure to train staff on ADA obligations applicable to lodging: Defendant's management and guest-facing staff demonstrated, during the nearly three-hour encounter on February 25, 2026, a complete lack of awareness of Defendant's obligations under the ADA with respect to accessible room assignments, the prohibition on discriminatory surcharges, and the duty to provide guests with disabilities the accessible accommodations they have reserved. Defendant must implement staff training on these obligations.

58.3. Failure to maintain a protocol for responding to accessibility needs: Defendant had no protocol in place for responding when a guest with a disability presents an accessibility need or is assigned an inaccessible room. The absence of such a protocol resulted in a nearly three-hour encounter, the escalation to the owner by telephone, and the ultimate cancellation of Plaintiffs' reservation — without resolution.

59. The modifications required are reasonable. Assigning guests to accessible rooms at the reserved rate without surcharge, training staff on ADA obligations, and maintaining a protocol for responding to accessibility needs do not fundamentally alter the nature of the lodging services offered by Defendant.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Stephanie Colón Feliciano, individually and as legal guardian of Juan Rubio Colón, and Juan Rubio Colón, by and through his legal guardian Stephanie Colón Feliciano, respectfully request that this Court enter judgment in their favor and against Defendant Inmobiliaria Cardenal Inc., and grant the following relief:

A. A declaration that Defendant has violated and continues to violate Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189, and its implementing regulations, 28 C.F.R. Part 36, by maintaining architectural barriers, imposing discriminatory surcharges, and failing to make reasonable modifications in its policies, practices, and procedures with respect to the reservation and assignment of accessible accommodations at Motel Nuevo Mejico;

B. A permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), ordering Defendant to:

   a. Install a ramp or other accessible route at the entrance to all guest room units currently accessible only by steps, in compliance with 2010 ADA Standards for Accessible Design, Sections 402 and 404;

   b. Designate, mark, and maintain accessible parking spaces with compliant access aisles, dimensions, surface conditions, and signage, in compliance with 2010 ADA Standards for Accessible Design, Section 502;

   c. Eliminate the discriminatory surcharge imposed on guests with disabilities as a condition for accessing accessible accommodations, and ensure that guests who reserve accessible rooms are assigned those rooms at the reserved rate, without additional charge, in compliance with 42 U.S.C. § 12182(b)(1)(D);

d. Modify its reservation and room assignment policies, practices, and procedures to ensure that accessible accommodations are made available to guests with disabilities at the rates advertised and reserved, without surcharge or condition, in compliance with 42 U.S.C. § 12182(b)(2)(A)(ii);

e. Correct all accessibility representations on its website and reservation platforms to accurately describe the accessible features of its guest rooms and common areas in sufficient detail to permit individuals with disabilities to independently assess whether the accommodations meet their accessibility needs;

f. Implement a training program for all management and guest-facing staff on the requirements of Title III of the ADA applicable to lodging establishments, including the prohibition on discriminatory surcharges, the obligation to honor accessible room reservations, and the duty to provide accessible accommodations to guests with disabilities without additional charge;

g. Remove any and all other architectural barriers and eliminate any and all other discriminatory policies and practices that deny persons with disabilities full and equal access to Motel Nuevo Mejico;

C. An order requiring Defendant to submit periodic compliance reports to this Court for a period to be determined by the Court, documenting the specific steps taken to implement the injunctive relief ordered herein;

D. An award of reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205;

E. Such other and further relief as this Court deems just, proper, and equitable.

Dated: March 10, 2026.

**VELEZ LAW GROUP LLC**
Civil Rights Division

*s/José Carlos Vélez Colón*
José Carlos Vélez Colón
USDC-PR 231014

1449 S Michigan Ave, Ste 13234
Chicago, IL 60605

Email: vlg@velezlawgroup.com
Tel.: (787)-422-1881

**ATTORNEY FOR PLAINTIFFS**